COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-266-CR
 
  
ELVIS 
DEAN ROBERTS                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
January 25, 2005, Appellant Elvis Dean Roberts pleaded guilty to aggravated 
sexual assault, sexual assault, and possession of child pornography (with intent 
to promote).  Pursuant to a plea bargain agreement, Appellant was sentenced 
to fifty years’ confinement on the first charge, and 20 years’ confinement 
on each of second and third charges.  Appellant filed a pro se notice of 
appeal on July 5, 2005.
        To 
be timely, a notice of appeal must be filed within thirty days after the day 
sentence is imposed or suspended in open court or within ninety days if the 
defendant timely files a motion for new trial.  Tex. R. App. P. 26.2(a).  In this 
case, the trial court imposed sentence on January 25, 2005.  Appellant did 
not file a motion for new trial; thus, his notice of appeal was due on February 
24, 2005.  Appellant did not file his notice of appeal until July 5, 2005, 
and he did not file a motion for extension of time to file the notice of 
appeal.  See Tex. R. App. P. 
26.3.  Therefore, his notice of appeal is untimely and we lack jurisdiction 
over the appeal.  See Tex. R. 
App. P. 43.2(f); Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. 
App. 1996)
        On 
July 12, we notified Appellant of our concern that we lacked jurisdiction over 
the appeal because his notice of appeal was late.  We informed Appellant 
that this appeal may be dismissed unless he or any other party desiring to 
continue the appeal filed a response showing grounds for continuing the appeal 
by July 26, 2005.  See Tex. 
R. App. P. 25.2(b), 44.3.  No response has been received.  
Accordingly, we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 43.2(f); Olivo, 
918 S.W.2d at 522.
 
 
                                                          PER 
CURIAM
  
  
PANEL 
D:   GARDNER, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 25, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.